UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

            Plaintiff,

  v.

JUAN RECINOS, *et al.*,

            Defendants.

CASE NO. 3:23-cv-5792-DGE

REPORT AND RECOMMENDATION

Noting Date: September 29, 2023

The District Court has referred Plaintiff Tiffany Recinos' pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On September 2, 2023, Plaintiff filed a proposed civil Complaint and an Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed Complaint and finds the Court lacks jurisdiction in this case. Therefore, the Court recommends the Application to Proceed IFP (Dkt. 1) be **DENIED** and this case be **DISMISSED without prejudice**.

REPORT AND RECOMMENDATION - 1

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she is unemployed. *See* Dkt. 1 at 1. As of July 1, 2023, Plaintiff states she has no cash on hand and $4,000 in her savings account. *Id*. at 2. Plaintiff has no assets and her expenses include "upkeep on house." *Id*. In addition, she indicates her social security disability payments stopped in March 2023. *Id*.

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed Complaint in this matter. Because Plaintiff filed this Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her proposed Complaint, Plaintiff alleges state law claims of inheritance theft and attempted murder against Defendant Juan Recinos, Plaintiff's former spouse. Dkt. 1-1 at 4–5. Plaintiff also names "State of Washington DOC" as a Defendant, but does not set forth any allegations against it.[1] *See* Dkt. 1-1.

***Sua Sponte* Dismissal – Standard on Rule 12(b).** Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Rule 12(b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See*

---

[1] Plaintiff lists "State of Washington DOC" as a Defendant on her form Complaint, but does not include it on the civil cover sheet. *See* Dkt. 1-1 at 2; Dkt. 1-2. Because Plaintiff does not properly name "State of Washington DOC" as a Defendant or include any allegations against it, the Court will not consider it here.

REPORT AND RECOMMENDATION - 2

*Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**. Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of the parties. 28 U.S.C. §§ 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Here, there is no showing that the Court has subject matter jurisdiction in this case. Plaintiff does not identify a federal claim upon which she is seeking relief. While Plaintiff states the nature of the suit is "other civil rights" in the civil cover sheet, Plaintiff only identifies state law claims in the proposed Complaint. *See* Dkt. 1-1. Therefore, the Court does not have federal question jurisdiction. Additionally, Plaintiff and the Defendant have Washington addresses, and so appear to be citizens of the State of Washington. *See id.* Accordingly, the Court does not have diversity of citizenship subject matter jurisdiction. The Court notes that, because the Court does not have original jurisdiction, it does not have supplemental jurisdiction over state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 804–807 (9th Cir. 2001). The

proposed Complaint is subject to dismissal without prejudice on the basis of jurisdiction alone. The Courts of the State of Washington may have jurisdiction.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, any attempt by Plaintiff to amend the proposed Complaint would be futile.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). As provided above, because the Court lacks subject matter jurisdiction in this case, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the Court finds it lacks subject matter jurisdiction in this case. Therefore, the Court recommends the Application to Proceed IFP (Dkt. 1) be **DENIED** and this case be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

//

//

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 29, 2023, as noted in the caption.

Dated this 15th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge